# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MICHELLE TERESA KUSHER, ) | |
| ) | No. 17 C 4619 |
| Plaintiff, ) | |
| ) | Magistrate Judge M. David Weisman |
| v. ) | |
| ) | |
| NANCY A. BERRYHILL, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Michelle Teresa Kusher appeals the Commissioner's decision denying her application for Social Security benefits. For the reasons set forth below, the Court reverses the Commissioner's decision.

## Background

Plaintiff filed an application for benefits on October 18, 2013. (R. 88.) Her application was denied initially on March 25, 2014 and again on reconsideration on October 14, 2014. (R. 88, 105.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on January 20, 2016. (R. 38-74.) On February 19, 2016, the ALJ issued a decision denying plaintiff's application. (R. 17-28.) The Appeals Council denied review (R. 1-3), leaving the ALJ's decision as the final decision of the Commissioner. *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002) (citation omitted).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a). The Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four. 20 C.F.R. § 404.1560(c)(2); *Zurawski*, 245 F.3d at 886. If that burden is met, at step five, the burden shifts to the Commissioner to establish that the claimant is capable of performing work existing in significant numbers in the national economy. 20 C.F.R. § 404.1560(c)(2).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date, March 1, 2012. (R. 19.) At step two, the ALJ determined that plaintiff had the severe impairments of "vertebral artery dissection;[1] spondylolisthesis;[2] brachial plexus[3] damage; right shoulder neuropathy;[4] tendonitis; anxiety; and depression." (*Id.*) At step three, the ALJ found that plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (*Id.*) At step four, the ALJ found that plaintiff was unable to perform any past relevant work (R. 27) but retains the residual functional capacity ("RFC") to:

> [L]ift and/or carry 20 pounds occasionally, ten pounds frequently with the left arm (claimant is left handed); lift and/or carry three pounds with the right arm; stand and/or walk six hours out of an eight-hour workday; and sit six hours out of an eight-hour workday. She cannot climb ladders, ropes, or scaffolds. She can occasionally climb ramps and stairs and occasionally crawl. She can frequently balance, stoop, kneel, and crouch. She cannot reach above shoulder level with the right arm and hand, no restrictions with the left arm and hand. She cannot work around unprotected heights, dangerous moving machinery, or commercial vehicles. She can perform simple repetitive tasks with no fast paced tasks, but can perform end of day quotas and adapt to routine changes in the work environment.

(R. 20-21.) At step five, the ALJ found that jobs exist in significant numbers in the national economy that plaintiff can perform, and thus she is not disabled. (R. 27-28.)

Plaintiff contends that the ALJ improperly assessed the opinion of plaintiff's treating physician, Dr. Shi. An ALJ must give a treating physician's opinion controlling weight if "it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not

---

[1] Vertebral artery dissection "occurs when a tear in the artery wall allows blood to leak between the layers and separate them." https://my.clevelandclinic.org/health/articles/cervical-carotid-vertebral-artery-dissection (last visited Feb. 13, 2018).
[2] Spondylolisthesis occurs when "one of the bones in [the] spine . . . slips forward and out of place." http://orthoinfo.aaos.org/topic.cfm?topic=A00588 (last visited Feb. 13, 2018).
[3] "The brachial plexus is a group of nerves that come from the spinal cord in the neck and travel down the arm." http://www.assh.org/handcare/hand-arm-injuries/Brachial-Plexus-Injury (last visited Feb. 13, 2018).
[4] Neuropathy is "a functional disturbance or pathological change in the peripheral nervous system." Neuropathy, *Dorland's Illustrated Medical Dictionary* (32d ed. 2012).

3

inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(c)(2); *Scott v. Astrue*, 647 F.3d 734, 739 (7th Cir. 2011). The ALJ must give good reasons for the weight that it assigns a treating physician's opinion. *Bates v. Colvin*, 736 F.3d 1093, 1101 (7th Cir. 2013) (quotation omitted). "If an ALJ does not give a treating physician's opinion controlling weight, the regulations require the ALJ to consider the length, nature, and extent of the treatment relationship, frequency of examination, the physician's specialty, the types of tests performed, and the consistency and supportability of the physician's opinion." *Moss v. Astrue*, 555 F.3d 556, 561 (7th Cir. 2009); *see* 20 C.F.R. § 404.1527(c).

Dr. Shi opined that plaintiff had "[r]ight brachial plexus injury which . . . continue[d] to cause [her] pain," "limited [her] use of the right arm and hand," "limited [her posture] due to the pain and discomfort," and caused her left arm to be in pain from continuous use. (R. 668, 673.) Dr. Shi also said that plaintiff was limited to occasional lifting and carrying less than three pounds; sitting, standing, and walking for forty-five minutes at a time and a total of two hours of an eight-hour workday; occasional balancing, stooping, kneeling, and crouching, and could never reach, handle, finger, feel, push or pull with her right arm and could do so only occasionally with her left arm. (R. 668-73.)

The ALJ gave "partial weight" to Dr. Shi's opinion, but rejected, among other things, the lifting restrictions he imposed because:

> . . . . [Claimant] and her boyfriend reported activities consistent with greater lifting capacity than less than three pounds. For example, the claimant grocery shops, drives a car, feeds her dog and cat, makes coffee in the mornings, and drags laundry baskets downstairs. She takes her dog on half hour walks, putting the right arm in a sling before walks.

(R. 25) (citation omitted). It is not clear, however, how plaintiff's engagement in any of these activities demonstrates that she can regularly lift more than three pounds. The ALJ fails to offer

4

any reasoning on this point. (*Id.*) None of the activities identified by the ALJ necessarily (or, for that matter, routinely) requires the ability to *lift* three pounds or more.

Even more problematic is the ALJ's rejection of Dr. Shi's opinion that plaintiff can only occasionally balance, stoop, kneel, and crouch. Dr. Shi said plaintiff was limited in her ability to perform these maneuvers because she "has continued pain to the right side and cannot support herself in certain positions." (R. 671.) Citing to no medical evidence, indeed no evidence at all, the ALJ said: "I determine the claimant can frequently, not occasionally, as Dr. Shi determines, balance, stoop, kneel, and crouch, as these activities do not require significant right arm and hand use." (R. 25.) Absent some evidentiary basis, this determination cannot stand. *See Clifford v. Apfel*, 227 F.3d 863, 870 (7th Cir. 2000) ("We have . . . insisted that an ALJ must not substitute his own judgment for a physician's opinion without relying on other medical evidence or authority in the record.").

Similarly untethered to evidence is the ALJ's rejection of Dr. Shi's opinion that plaintiff can never reach, handle, finger, feel, and push/pull with her right hand and can only occasionally do so with her left hand. The ALJ said:

> . . . . [T]he claimant's boyfriend acknowledges that she can play the piano a little bit with her three fingers. This suggests continued improvement in function seven months post injury, the ability to reach some, but not above shoulder level, as opposed to never reach with the arm and hand, and some regained hand fingering, handling, and feeling to occasional use, given she can play the piano a little bit.

(R. 26) (citation omitted). However, the ALJ offers no medical support for his conclusion that plaintiff's ability to play piano with three fingers is evidence of improvement as opposed to evidence of disability. Moreover, the fact that plaintiff can pluck out a few notes on a piano does not necessarily imply that she has the unfettered ability to reach anywhere below shoulder level or to finger, handle, or feel for two and one-half hours each workday. *See Dictionary of*

5

*Occupational Titles*, App'x C, § IV, *available at*, https://occupationalinfo.org/appendxc_1.html#STRENGTH (last visited Feb. 13, 2018) (defining "occasionally" as "activity or condition exists up to 1/3 of the time"). The ALJ's unsupported conclusion to the contrary was error. *See Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996) ("ALJs must not succumb to the temptation to play doctor and make their own independent medical findings.").[5]

The ALJ's assessment of the medical expert's ("ME's") testimony is similarly infirm. The ALJ largely credited the ME's testimony, though he is an allergist, not a neurologist (R. 60-61), and though the ALJ described the ME's testimony as "a bit inconsistent[]": "[The ME] stated the claimant could lift up to ten pounds with the right hand, then lift/carry less than three pounds with the right side, and then frequently up to three pounds." (R. 26.) Based on this ambiguous testimony and other unidentified "evidence," the ALJ pronounced that plaintiff "can lift three pounds as needed throughout a normal workday." (*Id.*) The ALJ did not, however, define "as needed," which could mean anything from almost never to almost always, the latter of which is clearly contradicted by the medical evidence. (*See, e.g.*, R. 668-73.)

Plaintiff also contends that the ALJ's RFC determination that plaintiff "can perform simple repetitive tasks with no fast paced tasks, but can perform end of day quotas and adapt to routine changes in the work environment" (R. 21) is not supported by substantial evidence. The Court agrees. The ALJ based this determination on the fact that: (1) plaintiff "appears to do a lot during the day," *i.e.*, "makes coffee and toast[,] . . . . does hand exercises, feeds the dog and cat . . . , talks to her mother on the phone . . . . [,] does light household chores," and walks the

---

[5] Even if these findings were grounded in the record, the ALJ's assessment of Dr. Shi's opinion, the opinions of plaintiff's other treating physicians, Drs. Kovari and Taufen, and the opinion of counselor Gross would still be flawed because the ALJ failed to assess them in accordance with the applicable regulatory factors. *See Moss*, 555 F.3d at 561; 20 C.F.R. §§ 404.1527(c), 416.927(f)(1).

dog; (2) she has no "interpersonal problems" with her boyfriend; and (3) she can "subtract 7s from 100, handle money, and drive." (R. 24) (citations omitted). It is not clear how these facts suggest that plaintiff is able to work full-time at all, let alone that she can do so performing simple, repetitive tasks with end-of-day quotas.

In short, the ALJ's assessment of the medical evidence and plaintiff's RFC are flawed. Thus, the case must be remanded for a reconsideration of those issues, and any others, such as credibility, that are informed by them.[6]

**Conclusion**

For the reasons set forth above, the Court grants plaintiff's motion for summary judgment [12], reverses the Commissioner's decision, and remands this case for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**                                    **ENTERED:  February 21, 2018**

_____
**M. David Weisman**
**United States Magistrate Judge**

---

[6] Because these issues are dispositive, the Court does not address plaintiff's sparsely-developed challenge to the vocational expert's testimony. (*See* Pl.'s Mem. Supp. Summ. J., ECF 13 at 15.)